Filed 8/29/16  P. v. Wooten CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B266670 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA136317) |
| v. | |
| REGINALD JOHN WOOTEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John Joseph Cheroske, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Reginald John Wooten was charged in an information with one count each of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count 1), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2) and to benefit a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(A), and assault with a firearm (§ 245, subd. (a)(2); count 3). The information further charged four counts of making a criminal threat (§ 422, subd. (a); counts 4 through 7). It was specially alleged that, with the exception of count 2, the offenses were committed to benefit a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(B), and that, with the exception of counts 1 and 2, a principal in the commission of the offenses was armed with a firearm (a handgun) pursuant to section 12022, subdivision (a)(1). As to all counts it was specially alleged that Wooten had suffered one prior serious or violent felony conviction under the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12). Wooten pleaded not guilty to the charges and denied the special allegations.

On July 9, 2015, Wooten agreed to plead no contest to assault with a deadly weapon (count 1), assault with a firearm (count 3) and to two counts of making a criminal threat (counts 4 and 5) and to admit the attendant gang (§ 186.22, subd. (b)(1)(B)) and prior strike enhancement allegations. At the time he entered his plea, Wooten was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Wooten's counsel joined in the waivers of his constitutional rights. The trial court expressly found Wooten's waivers, plea and admissions were voluntary, knowing and intelligent.

The trial court sentenced Wooten in accordance with the negotiated plea agreement to an aggregate state prison term of 16 years, four months consisting of eight years for assault with a deadly weapon (the four-year upper term doubled under the Three Strikes law), plus five years for the gang enhancement, plus two consecutive terms of

---

[1]     Statutory references are to the Penal Code.

eight months (one third the two-year middle term) for making a criminal threat. The remaining counts and special allegations were stricken pursuant to the negotiated agreement. The court awarded presentence custody credit of 285 days and ordered Wooten to pay statutory fines, fees and assessments.

Wooten filed a timely notice of appeal in which he checked the preprinted boxes indicating his appeal was based on "the sentence or other matters occurring after the plea" and challenged "the validity of the plea or admission." In his request for a certificate of probable cause, which the trial court denied, Wooten asserted his attorney had coerced him to accept the negotiated plea and had rendered constitutionally ineffective assistance.

We appointed counsel to represent Wooten on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised.[2] On April 14, 2016, we advised Wooten he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have not received a response.

A criminal defendant who appeals following a plea of no contest or guilty without obtaining a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) Wooten did not file a motion to suppress evidence; and the record fails to demonstrate Wooten's trial counsel rendered ineffective assistance at any time during the proceedings. (*Strickland v. Washington* (1984) 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674].) With respect to other potential sentencing or post plea issues for which no certificate of probable cause is required because they do not in substance challenge the validity of the plea (Cal. Rules of Court, rule 8.304(b)(4)(B)), we have examined the entire record and are satisfied Wooten's appellate attorney has fully complied with the responsibilities of counsel and no arguable

---

[2]     Appellate counsel also filed a petition for writ of mandate challenging the trial court's denial of Wooten's request for a certificate of probable cause, which we summarily denied.

issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


GARNETT, J.[*]


We concur:


ZELON, Acting, P. J.


SEGAL, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.